JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Rafael Smith

## DEFENDANTS
FedEx Ground, Inc.

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
LAW OFFICES OF JEREMY C. ROSENBAUM
1218 Chestnut Street, Suite 1004
Philadelphia, PA 19107-4818
Phone: (267) 625-8600 Jeremy C. Rosenbaum

Attorneys *(If Known)*
FIRM: Babst Calland
Attorney: Rebecca Dick-Hurwitz

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §1981
Brief description of cause:
Race discrimination and retaliation in employment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: _____
DOCKET NUMBER: _____

DATE: 08/15/2014
SIGNATURE OF ATTORNEY OF RECORD: Jeremy Rosenbaum /s/

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Rafael Smith<br>Plaintiff<br>v.<br>FedEx Ground, Inc.<br>Defendant | : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION<br><br><br><br>NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( X )

| 8/22/2014 | Jeremy C. Rosenbaum | Plaintiff Rafael Smith |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 267-625-8600 | 215-346-5108 | JCR@JeremyRosenbaum.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

Jeremy C. Rosenbaum, Esquire
LAW OFFICES OF JEREMY C. ROSENBAUM            *Attorney for Plaintiff*
1218 Chestnut Street, Suite 1004
Philadelphia, PA 19107-4818
Phone: (267) 625-8600
PA Attorney ID: 310748

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF EASTERN PENNSYLVANIA

| | |
|---|---|
| RAFAEL SMITH, | CIVIL ACTION |
| Plaintiff | NO. |
| vs. | |
| FEDEX GROUND, INC. | JURY TRIAL DEMANDED |
| Defendant | |

**COMPLAINT**

**I.   INTRODUCTION**

1. This action for equitable, monetary, and other relief is brought by Plaintiff Rafael Smith, to redress race discrimination, illegal retaliation, and defamation by Defendant FedEx Ground, Inc., in violation of rights secured by the laws of the United States and of the Commonwealth of Pennsylvania.

**II.   JURISDICTION**

2. The causes of action set forth in this complaint arise under the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981, et seq., and under the laws of libel and slander in the Commonwealth of Pennsylvania.

1

3. The District Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.

## III. VENUE

4. All actions complained of herein took place within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania as the place in which the claims arose, and the place where Defendant conducts business.

5. Venue is accordingly invoked pursuant to the dictates of 28 U.S.C. §1391(b).

## IV. PARTIES

6. Plaintiff, Rafael Smith, is an individual and a citizen of the Commonwealth of Pennsylvania residing in the County of Philadelphia.

7. Defendant, FedEx Ground, Inc., is a corporation that operates a facility at 14300 Townsend Road, in the County of Philadelphia, Pennsylvania (the "Facility").

## V. STATEMENT OF FACTS

8. Plaintiff is a member of a protected class as his race is black/African-American.

9. Defendant hired Plaintiff in 2007 as a package handler.

10. Plaintiff was qualified for his job because his work was satisfactory.

11. As a sign of his positive performance, when Plaintiff was hired by the federal government to a full-time position in 2009, Defendant's managers at the time were so eager to keep him as an employee that they offered him a unique arrangement, allowing him to work Saturdays, holidays, and during government furloughs.

12. Yet, Defendant showed a tendency toward racial bias in administration by disparately recruiting and promoting non-blacks to managerial positions when qualified African-Americans were available.

13. Defendant's racial bias, along with retaliatory animus, would show in how it handled racist and retaliatory acts against Plaintiff by two coworkers.

14. In early 2013 Plaintiff's coworker at FedEx Ground, Ashley Ashenfelder (white), repeatedly referred to African-Americans as "niggers."

15. In early 2013 Ashley Ashenfelder repeatedly walked away from packaging tables with minorities at them because, she said, she preferred to work with white people.

16. In one incident in early 2013, Ashley Ashenfelder exploded in rage at Plaintiff and directed racist language at him in front of line managers and coworkers.

17. When Plaintiff walked away, Ashenfelder followed him, and continued to taunt him with racist innuendo.

18. One coworker was the main eyewitness because she alone walked behind the two through the Facility and heard Ashenfelder taunt Plaintiff throughout much of the incident.

19. Following the incident, Defendant supervisors spoke to non-eyewitnesses, but avoided interviewing the main eyewitness.

20. Plaintiff complained about Ashley Ashenfelder's racist behavior to management.

21. Even after Ashley Ashenfelder's racist outburst at Plaintiff, Defendant refused to investigate or punish her for her pervasive racism.

22. Defendant suspended Plaintiff following the incident.

23. Defendant did not suspend or fire Ashley Ashenfelder for her hostility to Plaintiff.

24. Ashley Ashenfelder, an unreliable worker who often showed up to work late and obviously intoxicated, was ultimately fired for tardiness, but not racial hostility.

25. Coworker John Ashenfelder—Ashley Ashenfelder's father (white)—was known to Defendant for getting into confrontations with employees other than Plaintiff.

26. Soon after Ashley Ashenfelder's racist taunting of Plaintiff, her father began a series of racist and retaliatory actions that scarred Plaintiff.

27. On one occasion, John Ashenfelder confronted Plaintiff, indicating he was ready for a physical fight and, in mocking, stereotypical African-American slang, repeatedly shouted at Plaintiff, "What up? What up?"

28. Plaintiff complained to management about the incident.

29. Yet Defendant did not suspend or fire John Ashenfelder.

30. Instead Defendant suspended Plaintiff alone for the incident.

31. On one occasion in or around early 2013, John Ashenfelder told a supervisor he would get rid of Plaintiff and indicated he would murder Plaintiff.

32. Yet Defendant did not investigate, suspend, or fire John Ashenfelder.

33. Plaintiff also complained about the racially disparate treatment in Defendant's disciplinary process.

34. Rather than address this racist and retaliatory behavior, on or about July 26, 2013, Defendant fired Plaintiff.

35. In late August 2013, Plaintiff learned that Defendant kept publicly posted a photograph of Plaintiff as a security risk at the Facility, portraying Plaintiff to his former coworkers as a violent threat.

## COUNT I: § 1981 RACE DISCRIMINATION

36. Plaintiff repeats and alleges each of the foregoing paragraphs as if fully incorporated herein.

37. Defendant's actions constituted race discrimination in violation of § 1981.

Wherefore, on this count, Plaintiff demands judgment awarding:

    (a) Compensatory damages

    (b) Punitive damages

    (c) Attorneys' fees and costs

    (d) Interest

    (e) Any other relief the Court may deem equitable and just.

## COUNT II: § 1981 RETALIATION

38. Plaintiff repeats and alleges each of the foregoing paragraphs as if fully incorporated herein.

39. As stated above, Plaintiff opposed Defendant's racially disparate actions, its subsequent retaliation and its ratification of his coworkers' racist and retaliatory actions.

40. As described above, Defendant punished Plaintiff for this protected activity.

41. Defendant's actions constituted retaliation in violation of § 1981.

Wherefore, on this count, Plaintiff demands judgment awarding:

    (a) Compensatory damages

    (b) Punitive damages

    (c) Attorneys' fees and costs

    (d) Interest

    (e) Any other relief the Court may deem equitable and just.

### COUNT III: DEFAMATION

42. Plaintiff repeats and alleges each of the foregoing paragraphs as if fully incorporated herein.

43. Defendant's actions during and following Plaintiff's employment constituted defamation under the common law of the Commonwealth of Pennsylvania.

Wherefore, on this count, Plaintiff demands judgment awarding:

(a) Presumed damages

(b) Compensatory damages

(c) Punitive damages

(d) Attorneys' fees and costs

(e) Interest

(f) Any other relief the Court may deem equitable and just.

## VI. JURY DEMAND

Plaintiff demands a trial by jury on all counts of this Complaint.

_____
JEREMY C. ROSENBAUM
Attorney for Plaintiff

Dated: August 22, 2014